UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PEGGY HILL                                                                                          PETITIONER

v.                          CASE NO.  4:06-CR-00281-01 GTE
                                                (4:08-CV-00274)

UNITED STATES OF AMERICA                                                    RESPONDENT

## ORDER

Presently before the Court is Petitioner Peggy Hill's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed on April 1, 2008.

I.   BACKGROUND

On January 4, 2007, Petitioner and her counsel appeared before this Court, and pursuant to a written plea agreement, waived indictment, and entered a plea of guilty to Count One of a Superseding Information.  The Superseding Information charged Petitioner with conspiracy to knowingly and intentionally manufacture at least 50 grams, but less than 500 grams, of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  The Court dismissed Count 1 of the Indictment[1] as to Petitioner upon motion of the Government.  On April 2, 2007, the Court sentenced Petitioner to 80 months' imprisonment, 4 years of supervised release with conditions, and $100 special assessment.

---

[1] Petitioner was initially charged in Count 1 of a two-count Indictment with conspiracy to knowingly and intentionally manufacture more than 500 grams of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

**II.    MOTION**

In her motion, Petitioner asserts that her counsel provided *per se* ineffective assistance by failing to file a direct appeal as she requested, or alternatively, for failing to at least file a "no merits" *Anders* brief.  In her affidavit, Petitioner states:

> 6. On that same day [the day of sentencing], when I told [Mr. Larkowski] that I wanted to appeal, he strongly advised against it [] by convincing me that "I faired pretty well considering that I could end up with more time if I tried.
> 7. Before the end of the first week after sentencing, I called him at his office and told him that I really felt I should appeal.  He told me that before he could anything, "he needed more money first."
> 8. Since I didn't have any more money, I thought there was nothing I could do about it and didn't know who or where to turn for legal advise [sic].
> 9. I did then and do now, wish to proceed with a direct appeal of the issues and claims raised in my Motion to Vacate, as well as any other claims that different and competent counsel may advise.[2]

In *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S. Ct. 1029, 1036 (2000), the United States Supreme Court held "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  "In making this determination, courts must take into account all the information counsel knew or should have known."  *Id*.  "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."  *Id*.  "Even in cases when the defendant pleads guilty, the

---

[2]Exhibit 5 ¶ 6-9, Petitioner Affidavit, Petitioner's Motion..

court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id*. "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id*.

"The second part of the *Strickland* test requires the defendant to show prejudice from counsel's deficient performance." *Id*. at 481. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484.

In response, the Government asserts that Hill "never asserts that she asked her counsel to file an appeal on her behalf." Rather, the Government state that "it can be inferred that Hill discussed the potential of appealing with her counsel because she states that he 'strongly advised against' appealing." The Government contends that Hill merely sought her counsel's opinion as to appealing the sentence, which amounts to a mere conclusory allegation lacking any support in the record.

The Government does not note the existence of Petitioner's sworn affidavit in which she states that she told her counsel that she "wanted to appeal" and later called his office and told him that she "really felt [she] should appeal." The Court questions whether the Government has any basis to dispute the facts set forth in Petitioner's affidavit. If not, the Court would be inclined to grant Petitioner relief by way of allowing Petitioner to appeal. *See Parsons v. Untied States*, 505 F.3d 797 (8th Cir. 2007) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable[;]

defendant is entitled to a new appeal without showing that his appeal would likely have merit."). If, however, the Government has evidence to contradict Petitioner's affidavit, the Court would likely hold an evidentiary hearing to determine the facts surrounding the issue. The Government is directed to file a statement with the Court indicating whether such evidence exists. The Court requests that the Government respond to this Order not later than **July 1, 2008.**

　　　　IT IS SO ORDERED THIS 18th day of June, 2008.

　　　　　　　　　　　　　　　　　　　　/s/Garnett Thomas Eisele_____
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE