**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**PEGGY HILL**                                                                                    **PETITIONER**

v.                          CASE NO.  4:06-CR-00281-01 GTE
                                          (4:08-CV-00274)

**UNITED STATES OF AMERICA**                                                    **RESPONDENT**

**ORDER DENYING COLLATERAL RELIEF**

Presently before the Court is one unresolved issue from Petitioner Peggy Hill's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed on April 1, 2008.  All other issues were resolved in the Court's Order filed September 16, 2008.[1]  The remaining issue relates to Petitioner's claim that her trial counsel, Jerome Larkowski, was ineffective for failing to appeal this Court's sentence imposed on April 7, 2008.  On September 24, 2008, an evidentiary hearing was held to address this issue.  The Court concludes, based on the testimony presented during the evidentiary hearing and the entire record in this case, that Petitioner has failed to demonstrate that her counsel's performance was deficient or that she was prejudiced in any way as a result of the fact that she did not pursue a direct appeal of her 80 month sentence of imprisonment.

**I.      BACKGROUND**

On January 4, 2007, Petitioner and her counsel appeared before this Court, and pursuant to a written plea agreement, waived indictment, and entered a plea of guilty to Count One of a

---

[1] Docket No. 249.

1

Superseding Information. The Superseding Information charged Petitioner with conspiracy to knowingly and intentionally manufacture at least 50 grams, but less than 500 grams, of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The Court dismissed Count 1 of the Indictment[2] as to Petitioner upon motion of the Government.

On April 2, 2007, the Court sentenced Petitioner to 80 months' imprisonment, 4 years of supervised release with conditions, and $100 special assessment. During the sentencing hearing, the Court asked the Petitioner and her counsel if there were any "factual errors or mistakes in the [pre-sentence] report."[3] The defendant did not provide any corrections, and defense counsel stated, "There are not, your Honor."[4] The Court stated that it would rely upon the factual information contained in the report and consider it in reaching a proper and just sentence.[5]

## II. DISCUSSION

In her original Petition, Petitioner frames the remaining issue as follows:

Fourth Point of Error: Did Counsel provide *per se* ineffective assistance by failing to file direct appeal even though requested by Movant, or in the alternative, was he at a minimum, obligated to file a "no merits" brief pursuant to *Anders v. California*, to fulfill his obligation to his client?

---

[2] Petitioner was initially charged in Count 1 of a two-count Indictment with conspiracy to knowingly and intentionally manufacture more than 500 grams of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

[3] Petitioner's Exhibit 3, Sentencing Transcript, at p. 3.

[4] Petitioner's Exhibit 3, Sentencing Transcript, p. 3. Defense counsel only noted that the Government had since moved for the third point, resulting in a one-point reduction in Petitioner's offense level.

[5] Petitioner's Exhibit 3, Sentencing Transcript, at p. 4.

In *Roe v. Flores-Ortega*,[6] the United States Supreme Court held "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." "In making this determination, courts must take into account all the information counsel knew or should have known."[7]

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable[;] defendant is entitled to a new appeal without showing that his appeal would likely have had merit."[8] If the defendant did not clearly request or instruct his trial attorney to appeal, then this court must determine whether counsel consulted with the defendant about an appeal and, if not, whether the failure to consult was unreasonable.

Both Petitioner and her former counsel, Mr. Larkowski, testified during the recent evidentiary hearing. Based on such testimony, it is uncontroverted that immediately after Petitioner's sentencing on April 7th, Mr. Larkowski met with her and they discussed whether to file an appeal. It is disputed, however, whether Petitioner specifically advised Mr. Larkowski that she wanted to appeal. Petitioner claims she told him, "I want to appeal."[9] Petitioner further claims that approximately two days later, during a telephone call, she told him again that she

---

[6] 528 U.S. 470, 480, 120 S. Ct. 1029, 1036 (2000).

[7] *Id*.

[8] *Id*. at 477.

[9] Realtime Display from Evidentiary Hearing.

wanted him to appeal. At this time, Petitioner contends that Mr. Larkowski, who had been retained, said that he would need more money before he would file an appeal. Petitioner testified that she never discussed appealing the case after the second conversation. She further testified that Mr. Larkowski never provided her with a quote and that she did not ask for one because she was out of money.

Mr. Larkowski testified that while they discussed her right to appeal immediately after sentencing and again by telephone before the appeal time had run, Petitioner agreed that they would not pursue an appeal. Instead, Mr. Larkowski testified, he advised Petitioner and Petitioner agreed that the better, and more reasonable, course of action was to continue her cooperation with the Government in the hope of convincing the Government to file a Rule 35 Motion for Reduction in Sentence, which possibly could result in as much as a 50% reduction in her 80 month sentence.

There is a clear-cut factual dispute over whether Petitioner specifically told Mr. Larkowski that she wanted to appeal her sentence. The dispute cannot be resolved by finding that both parties are telling what they believe to be the truth. The Court credits Mr. Larkowski's testimony and further finds that Petitioner did <u>not</u> specifically direct Mr. Larkowski to appeal her sentence.

Petitioner simply lacks credibility. She stated that she was devastated after she was sentenced to 80 months because Mr. Larkowski "had reassured me that I would get no more than 40 with the 5K1."[10] The Court does not believe her testimony. Mr. Larkowski knew before sentencing that no 5K1.1 motion was going to be made and that Petitioner's Guideline range was

---

[10] Realtime Display from Evidentiary Hearing.

70-87 months, all of which he explained to Petitioner. It is simply not credible that he would have assured Petitioner that she would received no more than a 40 month sentence. He did not do so. Further, any such assurance would have been directly contrary to the Plea Agreement itself, which stated that the determination of the appropriate sentence would be made by the Court and that any estimate of the probable sentencing range would simply be a prediction, not a promise.

During the evidentiary hearing, Petitioner testified that her role in the indictment was small, suggesting that her sentence was disproportionate to her role in the offense. Her counsel, appointed to represent her during the evidentiary hearing, specifically asked: "What was your role in the indictment?" to which Petitioner replied, "I was arrested in Mississippi one day for buying two boxes of pills for Eric [Purdom, her boyfriend and co-defendant]."[11]

The suggestion that Petitioner was sentenced to 80 months for buying two boxes of pills is patently false and contradicted by Petitioner's prior admissions in this very case. At her change of plea hearing, Petitioner admitted that she conspired with others to knowingly and intentionally manufacture at least 50 grams of methamphetamine. Petitioner further admitted that the Government's description of her involvement in the case, tying her to approximately 600 Ephedrine pills and methanol, other drug paraphernalia, and a pattern of drug trafficking activities, was true.[12] Ms. Hill obviously is having difficulty facing the truth about her own actions.

---

[11] *Id*. at 6.

[12] Petitioner's Exhibit 2, Plea Change Transcript, at pp. 9-10.

It is also clear in this case that Mr. Larkwoski's advice that an appeal was not warranted was good advice.[13] During the evidentiary hearing, Petitioner explained why she wanted to appeal:

> Q. Tell the Court why you would have wanted to appeal your sentence.
>
> A. Well, the main reason is because I expected that 5K1, I expected a downward departure. I also felt like my role in the entire indictment was rather small, and I don't think that was ever pointed out at any time by my attorney.
>
>  . . .
>
> Q. Any other reasons that you wanted to appeal?
> A. No.[14]

Petitioner's latter point, that she felt her role in the offense was small, provides no basis for an adjustment to her guideline range. Petitioner agreed in the Plea Agreement not to seek a mitigating role reduction to her guideline sentence.[15]

Nor was there any basis for appealing the Government's failure to move for a sentence reduction for Petitioner's substantial assistance. The Court discussed this issue in its September

---

[13] There is no evidence to support Petitioner's suggestion, made for the first time in the evidentiary hearing, that she was deprived of conflict-free counsel. This suggestion relates to Mr. Larkowski's brief representation of Tiffany Head, a defendant in an unrelated case. *See* Case No. 4:08-cr-00035-2 GTE. A review of the record in that case reveals that Mr. Larkowski acted promptly and responsibly to avoid a conflict and that he acted at all times in the best interest of Petitioner. He encouraged her to cooperate fully with the Government so that she would have the best opportunity possible for a sentence reduction. When such cooperation meant that Petitioner might be called to testify against Tiffany Head, Mr. Larkowski withdrew from representing Ms. Head. *See United States v. Reed*, 179 F.3d 622, 624-25 (8th Cir. 1999)(single counsel's joint representation of multiple interested parties with different interests no basis for ineffective assistance relief absent showing that counsel "actively represented conflicting interests").

[14] Realtime Display from Evidentiary Hearing.

[15] Petitioner's Exhibit 4, Plea Agreement, at p. 6.

16th Order in the context of resolving Petitioner's claim that her counsel was ineffective for not moving for a U.S.S.G. § 5K1.1 sentence reduction, or, alternatively, that the Government breached the Plea Agreement for not so moving. As the Court has already noted, the Plea Agreement in this case specifies that it is the "sole and absolute discretion of the United States" as to whether Petitioner's cooperation justifies a motion for sentence reduction and that Petitioner has "no right or remedy" "in the event that the United States determines that no such motion should be filed."[16]

While the Government was not required to explain why it elected not to file a 5K1.1 or Rule 35 motion on Petitioner's behalf, it did so during the evidentiary hearing. As the Government explained: "The real problem we had in this case is that Ms. Hill was not forthcoming about her own conduct and her own offense and was not truthful about that."[17] The Government also pointed out that it sought Rule 35 or 5K reductions for several of Petitioner's co-defendants. The record in this case supports only one conclusion. The Government had a rational and legitimate basis for electing not to seek a Rule 35 reduction on Petitioner's behalf. Any appeal of the Government's failure to seek a sentence reduction would have been frivolous.

## CONCLUSION

The Court concludes, based upon a review of the record in this case, that Plaintiff has failed to demonstrate either that her trial counsel's representation fell below an objective standard of reasonableness or that the outcome in this case would have been different but for counsel's

---

[16] *Id*. at p. 4.

[17] Realtime Display from Evidentiary Hearing.

alleged errors.  The Court has now resolved all issues presented by Petitioner Peggy Hill in support of her request for collateral post-conviction relief.  Accordingly,

IT IS HEREBY ORDERED THAT Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 214) be, and it is hereby, DENIED in its entirety.

IT IS SO ORDERED this   29th   day of September, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE